Zheng v. Sessions

BIA
Hom, IJ
A095 764 339

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand seventeen.

PRESENT:
>        GUIDO CALABRESI,
>        GERARD E. LYNCH,
>        DENNY CHIN,
>             *Circuit Judges.*
_____

QIUYUN ZHENG,
>        *Petitioner,*

v.                                          16-811
                                            NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*
_____

FOR PETITIONER:          Farah Loftus, Los Angeles, CA.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Bernard
                         A. Joseph, Senior Litigation
                         Counsel; Kate D. Balaban, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiuyun Zheng, a native and citizen of the People's Republic of China, seeks review of a February 25, 2016, decision of the BIA affirming a March 9, 2015, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiuyun Zheng,* No. A095 764 339 (B.I.A. Feb. 25, 2016), *aff'g* No. A095 764 339 (Immig. Ct. N.Y. City Mar. 9, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the bases for denying relief that were not considered by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

To qualify for asylum, Zheng was required to demonstrate that he suffered past persecution or has a well-founded fear

2

of future persecution on account of his resistance to the family planning policy. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10, 313 (2d Cir. 2007) (holding that alien cannot obtain asylum based on harm suffered by a spouse or partner). The agency did not err in finding that Zheng's burden was not satisfied because he failed to submit reasonably available, reliable evidence to corroborate his claim that family planning officials detained and beat him for posting a sign expressing opposition to China's family planning policy, and that he escaped detention and was able to flee China despite his fugitive status with the assistance of a smuggler.

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. In this case, it was reasonable for the agency to require corroboration because Zheng's testimony was not sufficiently detailed to be persuasive. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that

3

the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *see also Chuilu Liu*, 575 F.3d at 196-97. Moreover, the agency properly identified the missing evidence, noting that Zheng failed to submit a statement from the friend who helped him create the sign that resulted in his arrest, a certified medical report, or evidence that he borrowed money to pay a significant sum to smugglers. Zheng failed to explain why he did not provide this evidence. *See Chuilu Liu*, 575 F.3d at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). Furthermore, although Zheng submitted letters from his former fiancée, aunt, and father, the agency did not err in declining to credit those letters because they were unsworn. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter because it was unsworn and from an interested witness).

Accordingly, the agency reasonably concluded that Zheng failed to satisfy his burden of demonstrating past persecution or a well-founded fear of future persecution on account of his opposition to the family planning policy. *See Chuilu Liu*, 575

4

F.3d at 196-98.  That finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk